SENTENCIA
La peticionaria, Amarilis Ortiz Vargas (en adelante señora Ortiz), solicita la revisión de la resolución y orden de 10 de agosto de 2000, emitida por el Tribunal de Primera Instancia, Sala Superior de Mayagüez (en adelante el Tribunal), en la cual se dispuso retener jurisdicción para hacer cumplir la sentencia por estipulación de fecha 25 de enero de 2000, esto por motivo de una "Moción Urgente Solicitando Remedio" radicada por la parte recurrida, Emiliano Rivera Bey (en adelante Señor Rivera).
I
Los hechos procesales relevantes, según constan en el expediente, se exponen a continuación. Las partes estuvieron casados, entre sí, quedando disuelto dicho vínculo por sentencia de divorcio. Adquirieron bienes gananciales sujetos a partición.
*904 Con fecha de 30 de julio de 1998, el Señor Rivera radicó demanda de división de sociedad de gananciales contra la Señora Ortiz. Dicha demanda fue contestada por ésta. El .Tribunal emitió sentencia por estipulación, la cual puso fin a la controversia surgida entre las partes. Entre los acuerdos se dispuso lo siguiente y citamos:

"El Tribunal dicta sentencia, según estipulado en Corte Abierta en los siguientes términos: en o antes del 20 de marzo de 2000, don Emiliano Rivera Bey le entregará a doña Amarilis Ortiz Vargas la cantidad de $3,500.00 como parte de su participación legal de gananciales, y en ese mismo término, la demandada, doña Amarilis Ortiz Vargas podrá hacer suyo, también, los bienes muebles, excepto los gabinetes y puertas que permanecerán en la propiedad. De esta forma, don Emiliano Rivera Bey estaría cediendo su participación en estos bienes muebles, según efectuado.

Don Emiliano Rivera Bey asumirá lo que queda de la hipoteca de la propiedad y los abogados harán las gestiones para que esta hipoteca sea cambiada a nombre de don Emiliano.

Por acuerdo de las partes, esta sentencia será final y firme desde el día de hoy."
Véase Sentencia por Estipulación (subrayado nuestro), Apéndice IV, a las páginas 12 y 13 del presente caso de marras.
Posterior a estos hechos y sin poder llegar a un acuerdo, el Señor Rivera radicó en el Tribunal "Moción Urgente Solicitando Remedio" contra la Señora Ortiz. Expuso que cumplió su parte de la estipulación; no obstante, ésta incumplió la obligación estipulada, desacatando al Tribunal, cometiendo delito de daños a la propiedad privada. Al inspeccionar la residencia, encontró que la Señora Ortiz había removido del hogar lo siguiente:

“1) aire acondicionado de pared

2) calentador de agua

3) guardarropa del cuarto matrimonial

4) rejas de las ventanas, arrancó y se llevó el portón de rejas del pasillo

5) vandalizó los interruptores de luz, echándoles pega

6) vandalizó la puerta principal, escribiendo su nombre, rompió las puertas de los gabinetes

7) se llevó la pileta del "laundry" entre otras cosas”

Ante la gravedad de los hechos, el Señor Rivera le solicitó al Tribunal se dejara sin efecto la estipulación acordada y celebrara vista sobre el incumplimiento de la misma, encontrando así a la Señora Ortiz incursa en desacato.
Con fecha de 31 de mayo de 2000, la Señora Ortiz compareció por moción, solicitándole al Tribunal dejara sin efecto la vista para mostrar causa de fecha 15 de agosto de 2000 por la cual no se le debía encontrar incursa en desacato, alegando que el recurso adecuado era la ejecución de la sentencia, según lo establece la Regla 51 de Procedimiento Civil, siendo esta una sentencia final y firme.
El 10 de agosto de 2000, el Tribunal emitió Resolución y Orden (Hon. Sonia L. Del Toro, J.); dispuso que los abogados se reunieran y expusieran sus argumentos y las posiciones de sus clientes no más tardar del 30 de mayo de 2000.
*905 La Señora Ortiz expuso que una vez la sentencia advino final y firme, el pleito concluyó, careciendo el Tribunal de jurisdicción para hacer cumplir su sentencia. El recurrido Rivera, a su vez, sostuvo que cumplió con su parte de la estipulación entregándole a la Señora Ortiz $3,500.00, teniendo el Tribunal jurisdicción para resolver la controversia.
Así las cosas, el Tribunal manifestó que retenía su jurisdicción para hacer cumplir su resolución y orden y cito la Regla 51.3(a) de Procedimiento Civil, 32 L.P.R.A. Ap. III, declarando No Ha Lugar la moción radicada por la Señora Ortiz.
No conforme con la determinación del Tribunal de Primera Instancia, Sala Superior de Mayagüez, la Señora Ortiz presentó el recurso de Certiorari que nos ocupa. Atendidos los planteamientos esbozados ante nos por ambas partes, expedimos el recurso solicitado y revocamos la resolución y orden de fecha 10 de agosto de 2000. Veamos.
11
Disuelto el matrimonio, concluye la sociedad de gananciales y los ex-cónyuges pasan a ser co-titulares o co-partícipes de una comunidad de bienes que no se rige por las normas de la sociedad de gananciales, sino por las normas de la comunidad de bienes que, a su vez, se gobierna por los artículos 326-340 del Código Civil, en ausencia de contrato o disposiciones especiales. González Cruz v. Quintana Cortés, 98 J.T.S. 33 Vol XXI pág. 895.
Del estudio realizado en el presente caso y de los documentos sometidos, concluimos que las partes llegaron a disposiciones especiales en las cuales emitieron con fecha de 25 de enero de 2000, sentencia por estipulación para liquidación de la sociedad legal de gananciales, la cual ratificaron bajo juramento, comprometiéndose ambos a poner fin a la liquidación de la sociedad de bienes, cosa que no han podido lograr de forma amistosa, generando los presentes incidentes y controversias en el Tribunal.
En sus alegaciones, la parte recurrida expresa en "Moción Urgente Solicitando Remedio" que él cumplió su parte de la estipulación, entregando a la Señora Ortiz los Tres Mil Quinientos Dólares ($3,500.00), según acordado. Sin embargo, esta incumplió su parte, ocasionándole daños a la propiedad, removiendo bienes pertenecientes a la casa, los cuales hemos mencionado anteriormente.
Como bien ha manifestado nuestro más alto foro, el comunero que se halla en el control y administración exclusiva del bien en comunidad tiene obligación de protegerlo de buena fe y le responde a los otros comuneros por el deterioro o pérdida de la cosa atribuible a su culpa. González Cruz v. Quintana Cortés, supra.
De demostrarle al Tribunal, el Señor Rivera, que la Señora Ortiz ocasionó daños a la propiedad, ésta será responsable en su momento de éstas, si así el Tribunal lo encuentra probado. Surge claramente' que el Tribunal retiene jurisdicción en el presente caso de marras, cosa que aclaró la Señora Ortiz en su escrito de certiorari ante nos. Siendo esto asi, el recurso del desacato no era el adecuado para hacer cumplir la sentencia por estipulación emitida el 25 de enero de 2000.
La Regla 51.3(a) de Procedimiento Civil especifica el procedimiento en caso de sentencias para realizar actos específicos, la misma reza:

S1.3 Procedimiento en casos de sentencias para realizar actos específicos; ejecución de hipotecas y otros gravámenes

(a) Si una sentencia ordenare a una parte transferir el dominio de terrenos y otorgar escrituras y otros documentos, o realizar cualquier otro acto específico, y dicha parte dejare de cumplir dicha orden dentro del término especificado, el tribunal podrá ordenar que el acto se realice por otra persona por él designada, a *906 expensas de la parte que incumple, y cuando se haya realizado, tendrá el mismo efecto que si hubiere sido ejecutado por la parte. Si fuere necesario, a solicitud de la parte con derecho al cumplimiento, y previa orden del tribunal, el secretario expedirá además un mandamiento de embargo contra los bienes de la parte que incumple para obligarla al cumplimiento de la sentencia. El tribunal podrá, además, en casos apropiados, procesar a dicha parte por desacato. Asimismo, el tribunal, en lugar de ordenar el traspaso de los mismos, podrá dictar sentencia despojando del título a una parte y transfiriéndolo a otra, y dicha sentencia tendrá el efecto de un traspaso de dominio ejecutado de acuerdo con la ley. Cuando una orden o sentencia dispusiere el traspaso de la posesión, la parte a cuyo favor se registre tendrá derecho a un mandamiento de ejecución previa solicitud al secretario. En todos los casos en que el tribunal ordenare una venta judicial de bienes muebles o inmuebles, dicha orden tendrá la fuerza y efecto de un auto disponiendo la entrega física de la posesión, debiendo consignarse así en el fallo u orden para que el alguacil u otro funcionario actuante proceda a poner al comprador en posesión de la propiedad vendida en el plazo de veinte (20) días desde el de la venta o subasta, sin perjuicio de los derechos de terceros que no hayan intervenido en el procedimiento." (Subrayado nuestro).
Analizada la antes mencionada regla, procedía que la parte recurrida, Señor Rivera le solicitara la ejecución de la sentencia al Tribunal y una vez se comprobara que la Señora Ortiz incumplió con lo solicitado, entonces el Tribunal podía procesar a dicha parte por desacato. No siendo el desacato el recurso adecuado en derecho para hacer cumplir la sentencia por estipulación sometida por las partes, se expide el auto solicitado y se revoca la Resolución y Orden de fecha de 10 de agosto de 2000.
Los procedimientos en el Tribunal de Primera Instancia, Sala Superior de Mayagüez, deberán continuar según lo aquí intimado.
Lo acordó y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General